THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY<br>1411 K Street, NW, Suite 1300<br>Washington, D.C. 20005,<br><br>    *Plaintiff*,<br><br>   v.<br><br>U.S. FISH & WILDLIFE SERVICE<br>1849 C Street, NW<br>Washington, D.C. 20240,<br><br>OFFICE OF THE SECRETARY, U.S. DEPARTMENT OF INTERIOR<br>1849 C Street, NW<br>Washington, D.C. 20240,<br><br>U.S. DEPARTMENT OF AGRICULTURE,<br>1400 INDEPENDENCE AVENUE, SW<br>Washington, D.C. 20250,<br><br>    *Defendants*. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**(Freedom of Information Act, 5 U.S.C. § 552)** |

**INTRODUCTION**

1. In this action brought under the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), the Center for Biological Diversity ("Center")—an environmental conservation organization that works to prevent the extinction of wild species and protect their habitats—challenges the U.S. Fish & Wildlife Service ("FWS"), the Office of the Secretary of Interior ("Office of the Secretary"), and the U.S. Department of Agriculture ("USDA") (collectively "Defendants") for violations of FOIA resulting from their failure to conduct adequate searches and to provide records in response to the Center's FOIA request numbers DOI-FWS-2022-002654, DOI-OS-2022-002656, and 2022-OSEC-02942-F.

1

2. On March 16, 2022, the Center submitted FOIA requests seeking records related to Defendants' communications within the federal agencies and with non-federal entities discussing changes or revisions to the regulatory requirements for programmatic consultations under Section 7 of the U.S. Endangered Species Act ("ESA" or "Act"), 16 U.S.C. § 1536, after learning through a previous FOIA request that Defendants' were potentially contemplating additional policy or statutory changes to further weaken the ESA.

3. As of the filing of this complaint, the Defendants have failed to produce any records responsive to the Center's FOIA requests.

4. Prompt access to these records is necessary to effectuate FOIA's purpose of transparency. Thus, the Center seeks from the Court declaratory relief establishing that the Defendants have violated FOIA and injunctive relief directing each Defendant to conduct an adequate search that uses the date of the search as the cut-off date and to release any improperly withheld records, including all reasonably segregable portions of any lawfully exempt records, without any further delay.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

7. Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202. Declaratory relief is appropriate under 28 U.S.C. § 2201.

## PARTIES

8. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit

conservation organization with offices throughout the United States. The Center has more than 89,000 members. The Center and its members are harmed by the Defendants' violations of FOIA, as such violations preclude the Center from gaining a full understanding of Defendants' activities, priorities, and decision-making with respect to potential weakening of the implementation of the ESA. The Defendants' failures to comply with FOIA harms the Center's ability to provide full, accurate and current information to the public on a matter of public interest. Absent this information, the Center cannot advance its mission to protect native species and their habitat.

9. Defendant U.S. FISH AND WILDLIFE SERVICE is an executive agency within the Department of the Interior, a cabinet-level agency within the executive branch of the U.S. government. FWS is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). The FWS is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

10. Defendant OFFICE OF THE SECRETARY OF INTERIOR is an executive agency within the Department of Interior, a cabinet-level agency within the executive branch of the U.S. Government. The Office of the Secretary is in possession and control of the records the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). The Office of the Secretary is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

11. Defendant U.S. DEPARTMENT OF AGRICULTURE is a cabinet-level agency within the executive branch of the United States government. The USDA is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). The USDA is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

## STATUTORY BACKGROUND

12. FOIA's basic purpose is for government transparency. FOIA requires federal agencies to release requested records to the public unless one or more specific statutory exemptions applies. 5 U.S.C. § 552(b)(1)-(9).

13. Within 20 working days of receiving a FOIA request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefor, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. Id. § 552(a)(6)(A)(i).

14. Only in "unusual circumstances" may an agency extend the time to make a final determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." Id. § 552(a)(6)(B)(i). If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." Id. § 552(a)(6)(B)(ii).

15. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. Id. § 552(a)(3)(C)-(D). Using the date of a FOIA request as the cut-off date for its search is not always reasonable, while using the date that the agency commences its search has consistently been found to be reasonable.

16. FOIA requires federal agencies to promptly disclose requested records. Id. § 552(a)(3)(A), (a)(6)(C)(i).

17. In certain limited instances, records may be withheld pursuant to nine specific exemptions. Id. § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

18. FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. Id. § 552(a)(4)(B).

19. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." Id. § 552(a)(4)(B).

## FACTUAL BACKGROUND

### Background to the FOIA Requests

**A. The "Cottonwood" Rider**

20. On March 23, 2018 Congress passed a rider in the "Consolidated Appropriations Act, 2018," weakening the regulations implementing Section 7 of the ESA. Public Law No. 115-141.

21. The rider overturned the decision in *Cottonwood Environmental Law Center v. U.S. Forest Service* which held that the U.S. Forest Service must reinitiate consultation at the programmatic level with the FWS on its land management plans, when a new species is listed or when critical habitat is designated. 789 F.3d 1075 (9th Cir. 2015). This has been referred to as the "Cottonwood" rider.

22. The Cottonwood rider exempts the U.S. Forest Service from reinitiating

consultation with FWS on a land management plan pursuant to 43 U.S.C. § 1712 or 16 U.S.C. § 1604 when a new species is listed or new critical habitat is designated under the ESA.

23. This legislative exemption was not permanent. The Forest Service will again have to consult at the programmatic level on its land management plans once five years have elapsed since the passage of the 2018 Consolidated Appropriations Act — beginning April 23, 2023 — but only when the land management plan at issue is over 15 years old.

24. In 2020, as part of a larger set of changes made by the previous administration to the Endangered Species Act implementing regulations, the FWS expanded this exemption to include the Bureau of Land Management and matched its regulatory language to match the Cottonwood Rider. 50 C.F.R. § 402.16(b).

25. Since the Cottonwood rider passed in 2018, members of Congress have introduced additional pieces of legislation that would expand upon the rider and further weaken the ESA.

**B.     Defendants' Meetings on Cottonwood**

26. Previous FOIAs submitted by the Center requesting the calendars of certain staff within FWS have revealed that Defendants have been meeting either internally or with individuals in other agencies or offices since at least January 2021 to discuss "Cottonwood."

27. On January 5, 2021, Defendant FWS had a meeting titled "Discussion re: Cottonwood Rule Document (Aurelia, Steve, Bryan, Gary, Matt)."

28. On March 16, 2021, Defendant FWS had a meeting titled "Cottonwood Pre-brief for 3/18 Mtg with USDA."

29. On April 8, 2021, Defendants FWS and USDA had a meeting titled "Follow-up

FWS meeting with USDA/NRE re: ESA/Cottonwood/NSO."

30. On October 19, 2021, Defendant FWS had a meeting titled "Cottonwood."

31. On November 1, 2021, Defendants FWS and the Office of the Secretary had a meeting titled "Briefing: Revisions to Cottonwood statutory language with Sarah Greenberger."

32. On November 4, 2021, Defendants FWS and the Office of the Secretary had a meeting titled "Revisions to Cottonwood – Statutory Language."

33. On November 12, 2021, Defendant FWS had a meeting with the staff of Montana Senator Jon Tester titled "Call w/ Henry Ring (Tester) re: Cottonwood."

34. On February 15, 2022, Defendant FWS had two meetings titled "Cottonwood" and "Cottonwood chat."

35. On February 18, 2022, Defendant FWS had a meeting titled "Cottonwood follow up."

36. On February 23, 2022, Defendants had a meeting titled "DOI/USDA Cottonwood Discussion."

## The Center's FOIA Requests to the Defendants

**A.   FWS FOIA Request (DOI-FWS-2022-002654)**

32. On March 16, 2022, the Center submitted a FOIA request to the FWS's online FOIA portal, https://www.foia.gov. In that request, the Center sought the following records from January 1, 2021 to the date FWS conducted the search:

> [T]he email communications, including correspondence with other federal agencies or non-federal entities, discussing or mentioning revisions of the "Cottonwood" statutory language, or changes to programmatic consultations under Section 7 of the Endangered Species Act1 ("ESA") between:
>
> 1. Gary Frazer, Martha Williams, and/or Gina Schultz from FWS; and

7

    2. Sarah Greenberger in the U.S. Department of the Interior ("Interior"), Office of the Secretary ("OS"), or other employees of Interior OS; and/or

    3. Employees in the U.S. Forest Service.

  33. Along with the records request sent on March 16, 2022, the Center requested a fee waiver.

  34. On March 16, 2022, the FWS sent the Center via electronic mail an automated message acknowledging receipt of the FOIA request and assigned it tracking number DOI-FWS-2022-002654.

  35. On April 19, 2022, the Center sent via electronic mail a Notice of Deadline Violation, request for determination, and an offer to assist in order to facilitate FWS's prompt release of the requested records.

  36. As of the date of this complaint, which is 12 workdays after the 20-workday determination deadline of April 13, 2022, the Center has received no records and no additional communications from FWS regarding the Center's FOIA request.

  37. As of the date of this complaint, FWS has failed to issue a decision on the Center's request for a waiver of fees associated with the processing of the FOIA request.

  38. In connection with the Center's FOIA request, FWS has not requested additional information from the Center or notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination. 5 U.S.C. § 552(a)(6)(A)-(B).

  39. The FWS's failure to conduct an adequate search for responsive records and failure to provide all responsive records to the Center undermine FOIA's primary purpose of transparency and openness in government.

  40. The Center has been required to expend resources to prosecute this action.

**B.      Office of the Secretary of Interior FOIA Request (DOI-OS-2022-002656)**

38.     On March 16, 2022, the Center submitted a FOIA request to the Office of the Secretary's online FOIA portal, https://www.foia.gov. In that request, the Center sought the following records from January 1, 2021 to the date the Office of the Secretary conducted the search:

> [T]he email communications, including correspondence with other federal agencies or non-federal entities, discussing or mentioning revisions of the "Cottonwood" statutory language, or changes to programmatic consultations under Section 7 of the Endangered Species Act1 ("ESA") between:
>
> 1. Sarah Greenberger in OS, or other employees of Interior OS; and
>
> 2. Gary Frazer, Martha Williams, and/or Gina Schultz from U.S Fish and Wildlife ("FWS"); and/or
>
> 3. Employees of the U.S. Forest Service.

39.     Along with the records request sent on March 16, 2022, the Center requested a fee waiver.

40.     On March 16, 2022, the Office of the Secretary sent the Center via electronic mail an automated message acknowledging receipt of the FOIA request and assigned it tracking number DOI-OS-2022-002656.

41.     On March 17, 2022, the Office of the Secretary sent a letter via electronic mail to confirm its understanding of the Center's FOIA request. A second letter also sent on March 17, 2022 granted the Center's fee waiver request. On March 18, 2022, the Center confirmed its request to the Office of the Secretary.

42.     On March 21, 2022, the Office of the Secretary sent the Center via electronic mail a second message acknowledging receipt of the FOIA request and summarizing the March 17 and 18 communications with the Center.

43. The March 21 letter also informed the Center that the Office of the Secretary would be "taking a 10-workday extension" under 43 C.F.R. § 2.19.

44. As of the date of this complaint, which is 2 workdays after the 10-workday extension determination deadline of April 27, 2022, the Center has received no records and no additional communications from the Office of the Secretary regarding the Center's FOIA request.

45. The FWS's failure to conduct an adequate search for responsive records and failure to provide all responsive records to the Center undermine FOIA's primary purpose of transparency and openness in government.

46. The Center has been required to expend resources to prosecute this action.

C. **U.S. Department of Agriculture FOIA Request (2022-OSEC-02942-F)**

47. On March 16, 2022, the Center submitted a FOIA request to the U.S. Forest Service's FOIA e-mail address SM.FS.WOFOIA@usda.gov. In that request, the Center sought the following records from January 1, 2021 to the date the Office of the Secretary conducted the search:

> [T]he email communications, including correspondence with other federal agencies or non-federal entities, discussing or mentioning revisions of the "Cottonwood" statutory language, or changes to programmatic consultations under Section 7 of the Endangered Species Act1 ("ESA") between:
>
> 1. Employees of the Forest Service; and
> 2. Sarah Greenberger in the U.S. Department of the Interior ("Interior"), Office of the Secretary ("OS"), or other employees of Interior OS; and/or
>
> 2. Gary Frazer, Martha Williams, and/or Gina Schultz from U.S Fish and Wildlife ("FWS").

47. Along with the records request sent on March 16, 2022, the Center requested a fee waiver.

10

48. After initial communications that took place between March 17 and March 28, 2022, during which the Center agreed to limit the scope of its initial request, the Center's request was referred to the USDA's Office of Information Affairs, FOIA Division on March 30, 2022.

49. On March 30, 2022, USDA sent a letter via electronic mail acknowledging receipt of the Center's FOIA request and assigned it tracking number 2022-OSEC-02942-F.

50. After additional communications that took place between April 11 and April 14, 2022, during which the Center agreed to further limit the scope of its initial request, USDA has failed to respond.

51. As of the date of this complaint, which is 2 workdays after the 20-workday determination deadline of April 27, 2022, the Center has received no records and no additional communications from USDA regarding the Center's FOIA request.

52. As of the date of this complaint, USDA has failed to issue a decision on the Center's request for a waiver of fees associated with the processing of the FOIA request.

53. In connection with the Center's FOIA request, USDA has not requested additional information from the Center or notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination. 5 U.S.C. § 552(a)(6)(A)-(B).

54. The USDA's failure to conduct an adequate search for responsive records and failure to provide all responsive records to the Center undermine FOIA's primary purpose of transparency and openness in government.

55. The Center has been required to expend resources to prosecute this action.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Conduct Adequate Searches

COUNT ONE: The FWS Failed to Conduct Adequate Searches for Records Responsive to the Center's FOIA Request.

56. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

57. The Center has a statutory right to have the FWS process its FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

58. The FWS violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request.

59. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the FWS in the foreseeable future.

60. The Center's organizational activities will be adversely affected if the FWS continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA request.

61. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the FWS will continue to violate the Center's rights to receive public records under FOIA.

COUNT TWO: The Office of the Secretary Failed to Conduct Adequate Searches for Records Responsive to the Center's FOIA Request.

62. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

12

63. The Center has a statutory right to have the Office of the Secretary process its FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

64. The Office of the Secretary violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request.

65. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Office of the Secretary in the foreseeable future.

66. The Center's organizational activities will be adversely affected if the Office of the Secretary continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA request.

67. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Office of the Secretary will continue to violate the Center's rights to receive public records under FOIA.

COUNT THREE: The USDA Failed to Conduct Adequate Searches for Records Responsive to the Center's FOIA Request.

68. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

69. The Center has a statutory right to have the USDA process its FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

70. The USDA violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request.

13

71. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the USDA in the foreseeable future.

72. The Center's organizational activities will be adversely affected if the USDA continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA request.

73. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the USDA will continue to violate the Center's rights to receive public records under FOIA.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Promptly Disclose Responsive Records

COUNT ONE: The FWS Failed to Promptly Disclose and Continues to Improperly Withhold Records Responsive to the Center's FOIA Request.

74. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

75. The FWS violated FOIA and the FWS's implementing regulations for FOIA by failing to promptly disclose records that are responsive to the Center's FOIA request.

76. None of FOIA's statutory exemptions apply to the records that the Center seeks.

77. The Center has a statutory right to the records it seeks.

78. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the FWS in the foreseeable future.

79. The Center's organizational activities will be adversely affected if the FWS continues to violate FOIA's disclosure provisions as it has in this case.

14

80. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, the FWS will continue to violate Plaintiff's rights to receive public records under FOIA.

COUNT TWO: The Office of the Secretary Failed to Promptly Disclose and Continues to Improperly Withhold Records Responsive to the Center's FOIA Request.

81. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

82. The Office of the Secretary violated FOIA and the Office of the Secretary's implementing regulations for FOIA by failing to promptly disclose records that are responsive to the Center's FOIA request.

83. None of FOIA's statutory exemptions apply to the records that the Center seeks.

84. The Center has a statutory right to the records it seeks.

85. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Office of the Secretary in the foreseeable future.

86. The Center's organizational activities will be adversely affected if the Office of the Secretary continues to violate FOIA's disclosure provisions as it has in this case.

87. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, the Office of the Secretary will continue to violate Plaintiff's rights to receive public records under FOIA.

COUNT THREE: The USDA Failed to Promptly Disclose and Continues to Improperly Withhold Records Responsive to the Center's FOIA Request.

88. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

89. The USDA violated FOIA and the USDA's implementing regulations for FOIA by failing to promptly disclose records that are responsive to the Center's FOIA request.

90. None of FOIA's statutory exemptions apply to the records that the Center seeks.

91. The Center has a statutory right to the records it seeks.

92. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the USDA in the foreseeable future.

93. The Center's organizational activities will be adversely affected if the USDA continues to violate FOIA's disclosure provisions as it has in this case.

94. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, the USDA will continue to violate Plaintiff's rights to receive public records under FOIA.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

**Failure to Provide Reasonably Segregable Portions of Any Otherwise Lawfully Exempt Records**

COUNT ONE: The FWS Failed to Provide Reasonably Segregable Portions of Any Otherwise Lawfully Exempt Records.

95. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

96. The Center has a statutory right to any reasonably segregable portion of a record that contains information that is otherwise subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

97. The FWS violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any otherwise lawfully exempt records that are responsive to the Center's FOIA request.

16

98. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the FWS in the foreseeable future.

99. The Center's organizational activities will be adversely affected if the FWS is allowed to continue violating FOIA's disclosure provisions as it has in this case.

100. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the FWS will continue to violate the Center's rights to receive public records under FOIA.

<u>COUNT TWO: The Office of the Secretary Failed to Provide Reasonably Segregable Portions of Any Otherwise Lawfully Exempt Records.</u>

101. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

102. The Center has a statutory right to any reasonably segregable portion of a record that contains information that is otherwise subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

103. The Office of the Secretary violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any otherwise lawfully exempt records that are responsive to the Center's FOIA request.

104. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Office of the Secretary in the foreseeable future.

105. The Center's organizational activities will be adversely affected if the Office of the Secretary is allowed to continue violating FOIA's disclosure provisions as it has in this case.

106. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Office of the Secretary will continue to violate the Center's rights to receive public records under FOIA.

COUNT THREE: The USDA Failed to Provide Reasonably Segregable Portions of Any Otherwise Lawfully Exempt Records.

107. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

108. The Center has a statutory right to any reasonably segregable portion of a record that contains information that is otherwise subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

109. The USDA violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any otherwise lawfully exempt records that are responsive to the Center's FOIA request.

110. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the USDA in the foreseeable future.

111. The Center's organizational activities will be adversely affected if the USDA is allowed to continue violating FOIA's disclosure provisions as it has in this case.

112. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the USDA will continue to violate the Center's rights to receive public records under FOIA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1. Order Defendants to conduct a search that is reasonably calculated to locate all records responsive to each of Plaintiff's FOIA requests, with the cut-off date for such search

being the date the search is conducted, and to provide Plaintiff with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

2. Declare that Defendants' failure to undertake a search that is reasonably calculated to locate all records that are responsive to Plaintiff's FOIA requests, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

3. Declare that Defendants' failure to disclose the requested records to Plaintiff, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

4. Declare that Defendants' failure to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(6), 552(a)(7).

5. Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

6. Grant such other and further relief as the Court may deem just and proper.

*   *   *

DATED: April 29, 2022                    Respectfully submitted,

                                         */s/ William J. Snape, III*_____

                                         William J. Snape, III (D.C. Bar No. 455266)
                                         Telephone: (202) 536-9351 (cell)
                                         Telephone: (202) 274-4443 (land)
                                         wsnape@wcl.american.edu
                                         Center for Biological Diversity
                                         1411 K Street, NW, Suite 1300
                                         Washington, DC 20005

                                         Stephanie Kurose (CT Bar No. 1028295)*
                                         Telephone: (203) 524-0562
                                         skurose@biologicaldiversity.org
                                         113A Walnut Tree Hill Road
                                         Newtown, CT 06482

                                         *Attorneys for Plaintiff*

*Seeking admission *pro hac vice*